UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES VANAMAN III, | Civil Action No. 18-1003(MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| GEORGE ROBINSON, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of a civil rights complaint and an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) The Court will grant the IFP application at this time. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons explained in this Memorandum Opinion, the Court finds that the Complaint fails to state a federal claim for relief and will therefore dismiss the Complaint without prejudice as to all Defendants and provide

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

1

Plaintiff with leave to file an Amended Complaint within thirty (30) days to the extent he can cure the deficiencies in his claims.

Plaintiff, who is a convicted prisoner at Northern State Prison, alleges that he and other inmates have been provided cold showers at Northern State Prison from October 2017 to January 2018. He also states without elaboration that the plumbing at Northern State Prison is "defective." (ECF No. 1, Complaint at 3.) Plaintiff alleges that he has filed many grievances in connection with the cold showers, and has been informed that there is hot water. (*Id.*) He has sued the Administrator at Northern State Prison, George Robinson, Superintendent Ganji, Lt. Velez, and Sgt. Shakir for compensatory and punitive damages. (*Id.* at 1, 4.)

The Court construes Plaintiff to allege claims for relief under 42 U.S.C. § 1983 against Defendants in their personal capacities.[2] Construed liberally, he appears to contend that providing cold showers during the relevant time period violates the Eighth Amendment's prohibition on cruel and unusual punishment.[3] "The Eighth Amendment's prohibition on 'cruel and unusual punishment' ... imposes on [prison officials] a duty to provide 'humane conditions of confinement.'" *Betts v. New Castle Youth Development*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). That is, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*,

---

[2] The Court does not construe Plaintiff to raise any state law claims for relief.

[3] In a case brought pro se, such as this one, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

468 U.S. 517, 526–27 (1984)). For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must "result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 835 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1982)).

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Counterman v. Warren County Corr. Fac.*, 176 Fed. Appx. 234, 238 (3d Cir. 2006). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." *Helling v. McKinney*, 509 U.S. at 32 (quoting *Rhodes*, 452 U.S. at 346). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. *See Farmer*, 511 U.S. at 835; *Wilson*, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes*, 452 U.S. at 347–48; *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir.1992). Although the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. *Id.* at 347.

3

An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." *Ingalls v. Florio*, 968 F. Supp. 193, 198 (D.N.J. 1997); *see also Robinson v. Ricci*, No. CIV.A. 08-2023 PGS, 2012 WL 1067909, at *13 (D.N.J. Mar. 29, 2012) (explaining same).

Here, Plaintiff alleges that providing cold showers during the winter violates the Eighth Amendment. Exposure to extreme cold can under some circumstances and/or in conjunction with other conditions state a claim for relief under § 1983. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." *Blackiston v. Vaughn*, No. A. 95–3740, 1998 WL 665477, at *6 (E.D. Pa. Sept. 24, 1998) (non-precedential) (motion to dismiss denied where prisoner alleged there was no heat or hot water, that he was denied a hat and gloves, and that he suffered from the cold as a consequence). In a prisoner case, non-functioning water heaters for inmate showers were found to be one of various conditions at the prison that failed to meet constitutional standards. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 595 F. Supp. 1417, 1432 (D.N.J. 1984) (finding inadequate hot water as one of numerous factors contributing to unconstitutional conditions of confinement for both inmates and pre-trial detainees). In contrast, courts have denied claims based on inadequate hot water because that condition was not combined with additional, significant conditions. *See Allen v. Passaic Cnty. Jail*, No. 09–0408, 2009 WL 4591206, at *10 (E.D. Pa. 2009) (citing *Blackiston*); *Watkins v. Johnson*, 375 F. Supp. 1005, 1011 (E.D. Pa. 1974) (conditions of segregated

4

confinement, including a cell with no hot water, did not violate the Eighth Amendment); *but see Grohs v. Yatauro*, 984 F. Supp.2d 273, 285–86 (D.N.J. 2013) (denying motion to dismiss Fourteenth Amendment conditions of confinement claim where civilly committed detainees alleged that the lack of hot water and leaking pipes were causing health problems and created an unhealthy environment and where prison officials were on notice of the ongoing problems).

Notably, to state a conditions of confinement claim under the Eighth Amendment, a Complaint must also allege that the condition at issue posed a serious risk of harm and that each Defendant was aware of the serious risk of harm.[4] In *Gibson v. Paquin*, 590 F. App'x 635, 636-37 (7th Cir. 2015), for example, the Seventh Circuit addressed a similar claim in which an inmate was subjected to cold showers three time a week from January to July. *Id.* The court found that the Complaint was subject to dismissal, in part, because the Plaintiff had not alleged that the water's temperature threatened to harm him seriously and that the prison officials knew of the harm.[5] *Id.* (citing *Farmer*, 511 U.S. at 833–43) (finding that Plaintiff failed to allege that the cold showers "were so severe or prolonged that they interfered with normal daytime activities or sleep") (collecting circuit precedent); *see also Blocker v. N. State Prison*, No. CIV.A. 10-2153 KSH, 2011 WL 735448, at *3 (D.N.J. Feb. 22, 2011) (finding that Plaintiff failed to assert deliberate indifference on the part of Defendants, in that they recklessly disregarded potential risks associated with cold showers and failed to allege injury in order to warrant compensatory damages).

---

[4] The liability of a defendant in a Section 1983 civil rights action cannot be predicated solely on *respondeat superior*, there must be personal involvement. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981)).

[5] The court also determined that the Plaintiff could not recover compensatory damages for the cold showers because he alleges no physical injury from them. *Id.* (citing 42 U.S.C. § 1997e(e)).

Here, Plaintiff is a convicted prisoner, and the Eighth Amendment standard governs his claims for relief. With respect to the objective component, the Court finds that providing cold showers during the winter months, standing alone and without any additional adverse conditions, is not an extreme deprivation, as required to make out an Eighth Amendment violation. With respect to the subjective component, Plaintiff fails to allege that any of the Defendants were on notice of the lack of hot water for showering; although Plaintiff alleges that he filed grievances, he does not allege that any of the Defendants were the recipients of the grievances. Finally, even if the Court could infer that one or more of the Defendants were on notice of the lack of hot water for showering, Plaintiff provides no facts to suggest that cold showers "pos[ed] a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, or that any of the Defendants were aware of the risk of harm. For these reasons, the Court will dismiss the Complaint without prejudice. Because it is possible that Plaintiff may be able to cure the deficiencies in his claims against one or more of the Defendants, the Court will provide him with 30 days in which to submit an Amended Complaint. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.